UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TEAL'S EXPRESS, INC. AND TEAL'S EXPRESS, INC. 401(K) PROFIT SHARING PLAN,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTINE MUNK AND PERSHING LLC,<br><br>Defendants. | **COMPLAINT**<br><br>Civil Action No.   5:19-CV-0761<br>(GTS/ATB) |

Plaintiffs, Teal's Express, Inc. and Teal's Express, Inc. 401(k) Profit Sharing Plan (the "Plan") (collectively "Plaintiffs") for their Complaint against the Defendants, Christine Munk and Pershing LLC, allege as follows:

## PRELIMINARY STATEMENT

1. This is an action for equitable relief pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") (29 U.S.C. §1132(a)(3)), and for restitution, unjust enrichment, money paid by mistake and conversion pursuant to common law.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction in this action pursuant to §502(e)(1) of ERISA (29 U.S.C. §1132(e)(1)) because this Complaint concerns actions for equitable relief as authorized by §502(a)(3) of ERISA (29 U.S.C. §1132(a)(3)) and 28 U.S.C. §1331.

3. The Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

4.     Venue in this District is proper pursuant to §502(e)(2) of ERISA (29 U.S.C. §1132(e)(2)) and 28 U.S.C. §1391(a)(1) in that the Defendant resides in this District and the Plan is administered in this District.

## PARTIES

5.     Teal's Express, Inc. ("Teal's"), is a corporation organized and existing under the laws of the State of New York, whose principal place of business is located in Watertown, New York. Teal's is engaged in the business of truck freight transportation. Teal's is a fiduciary of the Plan and is the sponsor of the Plan.

6.     The Plan is a qualified retirement plan, commonly referred to as a 401(k) Plan, within the meaning of §3(2) of ERISA (29 U.S.C. §1002(2)).

7.     Upon information and belief, defendant, Christine Munk ("Munk") is an individual residing at 19278 NYS Rte 12F, Dexter, New York 13634.

8.     Pershing LLC is a Delaware limited liability company headquartered in Jersey City, New Jersey. Pershing LLC currently administers the Individual Retirement Account ("IRA") that contains the funds at issue in this action.

## FIRST CLAIM

## EQUITABLE RELIEF PURSUANT TO §502(a)(3) OF ERISA

9.     Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 8 as if fully restated herein.

10.    Christine Munk was, at all relevant times, a participant of the Plan within the meaning of §3(7) of ERISA (29 U.S.C. §1002(7)).

11. The Plan was established for the purpose of providing Teal's employees with retirement income within the meaning of §3(2) of ERISA (29 U.S.C. §1002(2)).

12. On or about March 21, 2016, Christine Munk terminated her employment with Teal's.

13. Following her eligibility to receive retirement benefits under the Plan, on or about June 14, 2017, a distribution was made to Munk in the amount of $246,423.72.

14. However, the June 14, 2017 distribution of $246,423.72 mistakenly included $102,926.19 that had already been distributed.

15. The correct amount of the actual benefit due to Munk under the Plan, which should have been distributed on June 14, 2017, was $143,497.53.

16. The error resulted in a mistaken overpayment of $102,926.19 (the "Overpayment").

17. In or about September 2018, Teal's determined the error through the annual financial audit of the Plan and promptly notified Munk of the Overpayment.

18. Teal's asked Munk to take appropriate steps to have the Overpayment returned to the Plan.

19. Teal's understanding is that the June 14, 2017 payment (including the Overpayment) was rolled over into an Individual Retirement Account ("IRA") with Pershing LLC.

20. The Plan is the true owner of the Overpayment amount and any associated investment gains.

21. Upon information and belief, the amount of the Overpayment and any associated investment gains are within Munk's control and/or possession, and is contained in Munk's IRA account administered by Pershing LLC.

22. Despite multiple requests for repayment since at least September 2018, Munk has refused to return the Overpayment and any associated investment gains.

23. Teal's has advised Pershing LLC of the error, advised that the Plan is the true owner of the Overpayment amount and asked Pershing LLC to return the Overpayment to the Plan along with any associated investment gains, to the Plan.

24. To date, Pershing LLC has refused to return the Overpayment and the gains, and has indicated that it will not do so without the authorization of Munk.

25. Teal's has an obligation to correct the error by taking steps to return both the Plan and the affected participant to the positions they would have been in had the error not occurred. Having identified the Overpayment, Teal's is required to take action to have the amount of the Overpayment and any associated investment gains returned to the Plan.

26. Teal's, on behalf of the Plan, is entitled to receive, as equitable relief the amount of money mistakenly paid to and actually received and retained by Munk, and any associated investment gains.

27. Plaintiffs are also entitled to receive their reasonable attorneys' fees and costs incurred in bringing this action pursuant to §502(g)(1) of ERISA (29 U.S.C. §1131(g)(1)).

## SECOND CLAIM

### RESTITUTION/UNJUST ENRICHMENT

28. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 27 as if fully restated herein.

29. Munk has been unjustly enriched through the receipt of money in the amount of the Overpayment and associated investment gains, to which she was not entitled. Therefore, Plaintiffs are entitled to restitution in an amount not less than $102,926.19.

## THIRD CLAIM

### MONEY PAID BY MISTAKE

30. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 29 as if fully restated herein.

31. Teal's has identified an error that resulted in the Overpayment to Munk, and repeatedly advised Munk that she received money mistakenly paid to her.

32. Munk owes the Plan not less than $102,926.19, which was paid to Munk by mistake on June 14, 2017.

## FOURTH CLAIM

### CONVERSION

33. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 32 as if fully restated herein.

34. As set forth above, Munk has converted Plan funds to her own use.

3357848.2 6/26/2019

35. Plaintiffs have repeatedly demanded that Munk and/or Pershing LLC return the Overpayment, but the funds have not been returned and remain in the custody and possession of Munk and/or Pershing LLC.

36. As a result of Munk's conversion, the Plan has suffered a loss not less than $102,926.19.

**WHEREFORE**, Plaintiffs, Teal's Express, Inc. and Teal's Express, Inc. 401(k) Profit Sharing Plan respectfully pray that judgment be entered in their favor and against Defendant, Christine Munk and Pershing LLC, as follows:

A. That Plaintiffs be awarded relief in an amount equivalent to the erroneous retirement benefit of **$102,926.19** that it paid to Munk over and above the actual benefit due under the Plan and any associated investment gains;

B. That Plaintiffs be awarded prejudgment interest;

C. That an equitable lien be imposed upon the IRA account in the custody of Pershing LLC, in an amount equivalent to the Overpayment and any associated investment gains;

D. That Munk execute an authorization directing Pershing LLC, or any subsequent holder of the IRA account containing the Overpayment, to return the Overpayment and any associated investment gains to Plaintiffs, as well as execute any other documents necessary to effectuate the return of the Overpayment to the Plan;

E. That Munk and Pershing LLC be permanently enjoined from releasing or transferring the Overpayment and any associated investment gains from the IRA

account at Pershing for any purpose other than to return the Overpayment and any associated investment gains to the Plan;

F. That if the Overpayment is no longer within the IRA account in the custody of Pershing LLC, that Munk remain personally liable to pay $102,926.19 and any associated investment gains to Plaintiffs and be required to do so immediately;

G. That Plaintiffs be awarded their reasonable attorneys' fees and costs incurred in prosecuting this action; and

H. That Plaintiffs be awarded such other and further relief as this Court believes is appropriate.

Dated: June 26, 2019

BOND, SCHOENECK & KING, PLLC

By: *[signature]*
Kseniya Premo (513773)
Suzanne O. Galbato (510058)
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Fax: (315) 218-8100

*Attorneys for Plaintiffs,*
Teal's Express, Inc. and Teal's Express, Inc. 401(k) Profit Sharing Plan